**IN THE UNITED STATES DISTRICT COURT**
**FOR**
**THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** | : | |
| **v.** | : | CR. No. 97-043L |
| **GUILLERMO MALDONADO,** **Defendant.** | : | |

............................. X

**REPLY TO GOVERNMENT'S OJECTION**

COMES NOW, Guillermo Maldonado, **propia persona in sui juris,** responds to the Government's objection for relief from judgment.

According to plaintiff's allegations, Defendant has filed an array of motions in seeking relief for various purposes. But what Plaintiff fails to acknowledge is the prime purpose in filing the present action. Defendant in no manner is attempting to argue the merits of the case, what Defendant is disputing is the misinterpretation, on behalf of the FIRST CIRCUIT, in deeming Defendant's second §2255 motion as successive, after having attained a new Sentencing hearing through relief sought from the first §2255.

In noting the situation in **GONZALEZ v CROSBY** 545 U.S 524 162 L. Ed. 2d 480 (2005) THE SUPREME COURT holds that diligence,

universally, as to the issue at hand, has a vital role to play in reopening the conviction for the purpose expressed therein. In Plaintiff's objection, pg. 3, Plaintiff claims Defendant did not pursue a CERTIFICATE OF APPEALABILITY (COA) after the presiding Court dismissed the second §2255, filed on the twenty second day of JULY in the year two thousand two. To Plaintiff's dismay, Defendant did pursue a COA for the second §2255 on the grounds of:

> "(a) he received a sentence inconsistent with the charge in the indictment, and of which he pled guilty upon;
>
> (b) that based on the imposed sentence the Government violated the contents of the PLEA AGREEMENT rendering his conviction unconstitutional;
>
> (c) that the DISTRICT COURT was in error to conclude that his instant §2255 is second and successive based on the premise that he previously filed a §2255 which he used to regain his appellate rights.
> (see copy of COA attached hereto.)

The Defendant brought the COA beyond the time prescribed for filing, pursuant to RULE 4(a) in the FED. RULES OF CIVIL PROC., since Defendant was in transit from one correctional to another[1]. Defendant, because of the mentioned situation was unable to be served with the notice of dismissal from the NOVEMBER 8, 2002 Order while incurring the transfer.

---

1] Defendant was housed at FCI OTISVILLE, and because of an evaluation by THE BUREAU OF PRISONS, Defendant is descended to a loW-SECURITY correctional; FCI FORT DIX. Thus on OCTOBER 1, 2002 Defendant is transferred to FCI FORT DIX. Defendant arrived on JANUARY, 2003.

It is on the seventeenth day of JANUARY in the year two thousand three that Defendant ultimately receives the correspondence notifying the mentioned dismissal. THE SUPREME COURT has clearly held in **HOUSTON v LACK** 487 U.S 266, 101 L. Ed.2d 245 (1988), pro se incarcerated individuals being in disadvantage, as to diligently being served with LEGAL CORRESPONDENCE on time. Thus is why LEGAL CORRESPONDENCE is served through the UNIT SECRETARY and logged for filing verification purposes. Unfortunately, the CIRCUIT overlooked the GROUNDS presented in the COA and permitted the DISTRICT COURT'S ORDER to stand.

Having established Defendant's diligence in pursuing relief, after filing another §2255 action, pursuant to a new judgment. The question that still is in play would be the standards in reopening a conviction under RULE 60(b). In **GONZALEZ**, supra, THE SUPREME COURT citing **BOUSLEY v U.S** 523 U.S 614, 619-21 (1998) held that a change in the interpretation of a substantive statute may have consequences, for cases that have already reached final judgment, particularly in the criminal context. However, if the Defendant diligently exhausts appellate avenues, in the pursuit of relief, on the ground[s] litigated consequently, then a reopening is justified, see **ACKERMANN v U.S** 340 U.S 193, 95 L. Ed.2d 207 (1950). The **BURTON** decision, pursuant to **BURTON v STEWART** 125 S.Ct. 793 92007), clearly revisits Defendant's raised claim on appeal. The premise of

Defendant's judgment being reversed in the first §2255, for the regaining of appellate rights, bestowed on Defendant another sentence, which obviously spawned new issues. As of consequence, Defendant was unable to litigate the inconsistencies announced in the new sentencing process, since according to the LAW OF THE CASE Defendant must raise all issues in the first §2255. One can not pretend to think that all Sentencing Hearings or Appellate Reviews will have the same outcome, thus is why one may conclude that THE SUPREME COURT'S decision in **BURTON**, supra, is reasonable.

WHEREFORE based on the foregoing argument Defendant prays the Honorable Court will view the circumstances, in the interest of DUE PROCESS and justice, and permit the reopening of Defendant's §2255 process for filing purposes.

Guillermo Maldonado

Guillermo Maldonado, **propia persona.**

**OATH**

I, Guillermo Maldonado, attest under the penalties of PERJURY that the foregoing Reply to Government's Objection is true and correct to the best of my knowledge. And that I am a Lay-Man in American Jurisprudence, thus I have also been assisted in the translation of the mentioned Reply from SPANISH to ENGLISH.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, the aforementioned Reply to Government's Objection, in its true and correct capacity, was given to a BUREAU OF PRISONS Official on this 9 day of APRIL, 2007, to be forwarded to THE U.S DISTRICT COURT, JOHN O. PASTORE Bldg., TWO EXCHANGE TERRACE, PROVIDENCE, R.I 02903-2431. And a respective copy to be forwarded to AUSA Corrente, U.S ATTORNEY'S OFFICE, 50 KENNEDY Plaza, 8th floor, PROVIDENCE, R.I 02903.

Guillermo Maldonado
Reg. #04428-070
FCI FORT DIX
P.O Box 2000-UNIT 5752
FORT DIX, N.J 08640

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

DEC 11 2003
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND
CA 02 - 393 L

GUILLERMO MALDONADO,
Petitioner/Appellant,

v.

UNITED STATES OF AMERICA,
Respondent/Apellee.

APPLICATION FOR CERTIFICATE OF APPEALABILITY

The petitioner GUILLERMO MALDONADO ("Petitioner") respectfully submits this motion and asks the court to grant him certificate of appealability to appeal the district court's order denying his motion to vacate his conviction under 28 U.S.C. §2255.

Petitioner submits that his conviction and sentence imposed was in violation of the laws and Constitution of the United States. Specifically, petitioner states that

(a) he received a sentence inconsistent with the charge in the indictment, and of which he pled guilty upon;

(b) that based on the imposed sentence the government violated the contents of the plea agreement rendering his conviction unconstitutional;

(c) that the district court was in error to conclude that his instant §2255 is second and successive based on the premise that he previously filed a §2255 which he used to regain his appelate rights.

STATEMENT OF THE CASE

On May 8, 1997, petitioner was arrested by the Providence Police. On May 28, 1997, a federal grand jury returned a two-count indictment against petitioner. Count one charged that on May 8, 1997, he possessed cocaine with the intent to distribute it, in violation

of 21 U.S.C. §841(a)(1); count two charged that on May 8, 1997, he possessed heroin with the intent to distribute it, in violation of 21 U.S.C. §841(a)(1). On August 7, 1997, petitioner pled guilty to both counts and expressly agreed with the facts outlined.

On March 30, 1998, petitioner was sentenced to 210 months. On April 9, 1998, petitioner's attorney filed a Notice of Appeal. On July 15, 1998, this court ordered the appeal dismissed for want of prosecution. In March 1999, petitioner filed a 28 U.S.C. §2255 in the district court for Rhode Island for the purpose of reinstating his appeal based on ineffective assistance of counsel for failing to prosecute the appeal. After hearing, the trial judge granted said motion, 97-43L, and resentenced petitioner on March 20, 2000. On March 20, 2000, petitioner filed a motion for downward departure based on his rehabilitation and participation in programs since he was incarcerated one year ago. The court departed downward to 120 months primarily based on petitioner's prospective deportation and additional tax payers. A Notice of Appeal was filed.

Subsequently, on July 19, 2000, petitioner filed his direct appeal. On the appeal, he argued inter alia, (a) that he was improperly enhanced under a criminal history II category based on the use of a warrant; (b) whether he was improperly not given credit for acceptance of responsibility; (c) whether any of the controlled substances found at 6 Desoto was "crack cocaine"? The government cross appealed and argued inter alia that the district court was in error to depart downward. On February 23, 2001, this court vacated petitioner's

sentence of 120 months based on the government's cross appeal. This court, however, resentenced petitioner to 210 months. Petitioner appealed. In an unpublished opinion, this Circuit affirmed the resentencing on January 10, 2002. On April 22, 2002, the Supreme Court denied the writ of certorari.

## STATEMENT OF FACTS

On May 28, 1997, petitioner was indicted. The indictment reads as follows:

> COUNT I
>
> The Grand Jury charges:
>
> That on or about May 8, 1997, in the District Court of Rhode Island, the defendant, GUILLERMO MALDONADO, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;
>
> In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).
>
> COUNT II
>
> The Grand Jury further charges:
>
> That on or about May 8, 1997, in the District of Rhode Island, the defendant, GUILLERMO MALDONADO, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;
>
> In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

**Exhibit A.**

The indictment charged possession of cocaine and heroin. There was no drug amount, and there was no penalty statute. Subsequently, petitioner entered into a plea agreement with the government. The plea agreement required him to plead to the cocaine and heroin. The

plea agreement did not mention crack or cocaine base In addition, the plea agreement did not indicate that the drugs will be converted to crack cocaine. Important portions of the plea agreements reads:

1. Defendant will plead guilty to Counts I and II of the Indictment which charge the knowing and intentional possession with intent to distribute cocaine, in violation of 21 U.S.C. §841 (a)(1) and (b)(1)(A), and the knowing and intentional possession with intent to distribute heroin, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B).

.......

14. Defendant and his attorney both state that this agreement constitutes the entire agreement between Defendant and the Government and that no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assist nt United States Attorney, concerning any plea to be entered in this case. No additions, deletions, or modifications to this Plea Agreement will be effective unless adopted in writing and signed by all the parties. In addition, defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

15. Counsel for defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

**Exhibit B.**

During his plea colloquy, petitioner agreed to all the facts presented by the government but objected to the fact that crack cocaine was involved:

THE COURT: All you have to do is read the plea colloquy and you'll see what he admitted to, and he admitted to that. The only amendment that he had to the prosecutor's statement of facts was that he disputed whether the cocaine was crack, and his motion to set aside his plea, or vacate his plea, was based on that assertion that he didn't admit to that, but it's obvious from the plea colloquy that he did, and his statement that the interpreter Jose Kleinberg didn't give him an opportunity to state that that was a lie, is obviously not true because he had an opportunity to state to the Court what he agreed to or what he

didn't agree to in the statement of the prosecutor, and he never disagreed with the fact that he was guilty of possession of that heroin that was in the vehicle and the heroin that was in the apartment, with intent to distribute. So as far as I'm concerned, there is no issue on that point. The motion to vacate the plea was withdrawn. I would have denied it anyway, because it isn't based on fact. So as far as I am concerned, the only issue in this case is whether or not the cocaine or partially crack, some was powder, some was cocaine base but not crack. Those are the issues I have to resolve to determine the offense level.

Just to make it clear, I'll refer to the transcript of the plea colloquy. it's stated in the plea colloquy: A short time later, Daniela observed this defendant place a white t-shirt, which had been rolled up into a ball, into the rear seat of that Massachusetts registered vehicle. Thereafter, Lara, the driver of of the Oldsmobile, drove away, and he was followed by this defendant, in the second vehicle. Then there was a stop. The rolled t-shirt was removed from the Massachusetts vehicle. It contained two packages, which laboratory analysis subsequently determined constituted 482.03 grams of heroin. Then there's discussion of going to DeSoto Street and then finding cocaine, some form of cocaine, and heroin there. Then after that recitation, I said, did you hear all of that, Mr. Soto? He said, yes. I said, are those the facts in your case? He said, yes. Then I said, is there anything you want to add or subtract from what the prosecutor just stated? And he said, yeah. And then he answered, yes. I said, all right, go ahead. And he said, that is not crack. That's cocaine base. Then I said, all right. You contest whether it's crack cocaine or not? Answer, it is cocaine. then I said, all right. I'll determine that at sentencing, if I accept your plea, whether it's crack or whether it's cocaine base, or whether it's powder cocaine. Other than that, do you agree that those are the facts in your case? Answer, yes. End of matter.

Exhibit C.

Thus, the court lured petitioner to plead guilty without first resolving his objection regarding crack cocaine. At sentencing, petitioner objected to be sentenced with crack cocaine. However, his

objection was rejected. He was sentenced to 210 months. On April 9, 1998, petitioner's counsel filed a Notice of Appeal. However, counsel did not perfect the appeal and it was dismissed. In March 1999, petitioner filed a §2255 motion with the district court to reinstate his appeal based on ineffective assistance of counsel. After a hearing, the motion was granted a petitioner was rescheduled for resentencing. On March 20, 2000, the sentencing day, petitioner filed a motion for downward departure based on rehabilitation. The court did not consider that motion, however, it relied on the fact that petitioner will be deported and sentenced him to 120 months. Petitioner appealed and argued that he should have received a downward departure based on his rehabilitation. Petitioner also raised the following claims:

(a) the inclusion of the drugs found in the t-shirt;

(b) to treat the cocaine as crack cocaine;

(c) two points for obstruction of justice; and

(d) failure to grant him a two-level reduction for acceptance of responsibility.

The government cross appealed and argued that petitioner should not receive a downward sentence based on his deportation to save tax payer's money. On Febraury, 23, 2001, this court vacated the sentence and remanded with instruction to resentence petitioner to 210 months. This court, however, did not address the remaining claims raised by petitioner.

On August 8, 2001, the district court resentenced petitioner to 210 months. The court denied petitioner's motion for downward departure based on rehabilitation. Subsequently, petitioner appealed. On appeal, petitioner argued whether the district court properly denied

his motion for downward departure based on rehabilitation. On January 10, 2002, this court affirmed.

The instant 2255

On July 22, 2002, petitioner filed a motion under §2255 and raised the following claims:

(a) Illegal resentence in violation of the Fifth Amendment

Because Maldonado was indicted for distribution of cocaine (cocaine powder)(§841(b)(1)(A)(ii)), the judge should not have relied upon cocaine base (crack)(§841(b)(1)(A)(iii)) to sentence him. Nor should have exposed Maldonado to such sentence since he was not charged for 50 grams or more of a substance containing cocaine base. Thus, Maldonado is actually innocent to the imposed sentence.

(b) Illegal resentence in violation of the Fifth Amendment

Because Maldonado was not charged with conspiracy but two independent distribution counts of different substances: cocaine and heroin. Nonetheless, he was sentenced upon weight resulting from adding heroin and an unindicted substance (cocaine base) weight on e/o of the two counts of the indictment without regard that count I refers to cocaine, cocaine base was not charged and count II charged heroin.

(c) Illegal resentence in violation of the Fifth Amendment

In light of count II charged possession with intent to distribute heroin it does not charge cocaine base, count II should have been penalized only for heroin running concurrent to count I sentence. Which should have been made upon an amount of cocaine (cocaine powder).

(d) Illegal resentence in violation of the Fifth Amendment

Since on count II Maldonado was not charged for 100 grams or more of mixtures containing heroin, he should have been penalized for less than 100 grams of heroin; that is, level 24.

On October 1, 2002, the government filed its opposition and argued that (a) petitioner's §2255 motion should be construed as second or successive §2255 thus the district court lack jurisdiction requiring authorization from this court; **Exhibit D, pg. 5**, and that counsel was not ineffective. The government did not oppose the remaining claims.

In October 2002 petitioner was on transit to FCI Fort Dix, New Jersey. Petitioner did not arrive at the aforementioned institution until January 17, 2003. Subsequent to his arrival at the institution, petitioner received from the prison authorities a mail from the district court post dated November 8, 2002. **Exhibit E** . It was at that time that petitioner discovered that his §2255 has been denied over 60 days from the date to file a Notice of Appeal. In addition, a review of the order disclosed that the district court denied the motion based on the government's response. However, since petitioner never received a copy of the government's response, he was unaware of the substance of the government's opposition.

On January 22 2003, petitioner addressed a letter to the district court and requested for a copy of the government's response. **Exhibit F** . Petitioner further asked the district court to vacate its order denying the §2255 and reissue the order to enable petitioner preserve his appeal's right. Exhibit G .

On January 28 2003, petitioner received a copy of the government's opposition. And on February 12 , 2003, the district court denied petitioner's motion and refused to reissue the order. **Exhibit H.** —stop.

APPLICABLE STATUTE

Federal Rule of Appellate Procedure, Rule 4(a), Appeal in a civil case:

(1) Time for filing a Notice of Appeal;

(B) when the United States or its office or agency is a party the Notice of Appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

Rule 4(a)(6)(A)(B) provides:

(6) Reopening the time to file an appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) The motion is filed within 180 days after the judgment or order is entered, or within 7 days after the moving party receives notice of the entry, which is earlier;

(B) the court finds that the moving party was entitled to notice of entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry.

Pursuant to 28 U.S.C. §2255:

An appeal may be taken to the Court of Appeals from the order entered on the merit as from a final judgment on application for a writ of habeas corpus.

In a habeas corpus proceeding or a proceeding under §2255 before a district judge, the final order shall be subject to review, on appeal, by the Court of Appeals for the Circuit in which the proceeding is held.

(C)(1) Unless a Circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from

(B) the final order in a proceeding under §2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

## ARGUMENT

### A. PETITIONER NEEDS PERMISSION TO HAVE HIS OUT OF TIME NOTICE OF APPEAL WHICH IS NO FAULT OF HIS GRANTED

After petitioner's §2255 motion was filed, before the government filed its response, petitioner was transferred from FCI Ottisville, New York, to FCI Fort Dix, New Jersey. On October 1, 2002, the petitioner was on transit, and thus did not receive the government's response. While still on transit on November 6, 2002,

the district court denied the §2255 motion. However, petitioner did not receive that order until January 17, 2003, when he finally arrived at FCI Fort Dix, New Jersey. Immediately, petitioner addressed a letter to the clerk explaining these problems and requested for a copy of the government's response to his §2255.

Subsequently, petitioner addressed a letter to the district court. Petitioner explained his problems, enclosed proof (the envelope with Ottisville address and where the BOP in Ottisville readdressed it to FCI Fort Dix) to support his motion. However, that court denied petitioner's request to vacate its order reissue the order to enable him file a Notice of Appeal to appeal his case. Petitioner submits that under these circumstances Rule 4(a)(6)(B) requires that his right to appeal be granted. Thus, petitioner requests that the court construe this motion as a Notice of Appeal and allow him to appeal the denial of his §2255. Petitioner states that he has meritorious and arguable issues among the judges. That a failure to grant this opportunity will deny him the right he has lost of which was not his fault. Petitioner did not contribute to the reason the time to file appeal elapsed. Accordingly, he requests leave to have this court grant him permission to file Notice of Appeal and proceed.

**B. REASON WHY CERTIFICATE OF APPE ABILITY SHOULD BE ISSUED**

**(1) Petitioner's Instant §2255 Is ot Successive Or A Second §2255**

Petitioner's §2255 is not successi e or second because his initial §2255 was used to reinstate his direct ppeal under ineffective assis-

tance of counsel. In addition, when petitioner raised claims on direct appeal, and the government cross appealed, this court relied on the government's cross appeal to dispose the appeal and did not address the merit of petitioner's claim.

Not every literally second or successive §2255 petition is second or successive for purposes of AEDPA. See **Stewart v. Martinez-Villareal, 523 U.S. 637**, 643-46, 118 S.Ct. 1618, **140 L.Ed.2d** 849 (1998). The Supreme Court and this court have outlined several situations in which a later petition is not "second or successive:" (1) where the later petition raises the same grounds as a previous petition that had been dismissed as premature, see id; (2) where a state prisoner's later petition raises the same grounds as a previous petition that had been dismissed for failure to exhaust state remedies, see **Slack v. McDaniel, __U.S.__,__-__**, 120 S.Ct. 1595, 1604-05, 146 **L.Ed.2d** 542 (2000); **Dickinson v. Maine**, 101 F.3d 791 (1st Cir. 1996); (3) where the earlier petition terminated without a judgment on the merits, see **Pratt v. Unkited States**, 129 F.3d 54, 60 (1st Cir. 1997); or (4) where the later petition attacks a different criminal judgment, such as where a prisoner who has successfully brought a first habeas claim is re-tried, reconvicted, and resentenced and then attacks the new judgment, see **Pratt, 129 F.3d** at 62; see also **Shepeck v. United States, 150 F.3d 800, 801 (7th** Cir. 1998)(later petition presenting issues that were unripe until re-sentencing that resulted from first petition not second or successive). The first three exceptions involve nominally successive petitions that are really extensions of original petitions that, for technical or prematurity reason, were not addressed on the merits. The fourth exception is for a petition attacking an entirely

different criminal judgment than was attacked in the first petition.

Petitioner's first §2255 should not be viewed as a "second" motion because his first one primarily served to reinstate his direct appeal. Petitioner's counsel failed to perfect his appeal thus, petitioner filed a §2255 motion alleging ineffective assistance in allowing the appeal elapsed. The government agreed that petitioner should be resentenced to permit him to take a direct appeal. On the day of petitioner's resentencing, petitioner filed a motion for downward departure based on rehabilitation. However, the district court resentenced him and downward departed to 120 months on the fact that petitioner's deportation will save the tax payers money.

Thereafter, petitioner filed a direct appeal and argued the following claims:

(a) the sentencing calculations of the drugs found in the t-shirt;

(b) treating as crack the drugs he was charged;

(c) to addition of two levels for obstruction of justice; and

(d) failure to award two-level reduction for acceptance of responsibility.

See **United States** v. **Maldonado**, 242 F.3d 1,6 (1st Cir. 2000).

The government, however, crossappealed and argued that the district court erred in downward departing 120 months based on the fact that deportation will save tax payers money. In addition, and importantly, the government argued that

> the district court had no right after granting the §2255 motion to do anything more than to reimpose the original sentence.

**Maldonado** at 3. This court agreed with the government and vacated

petitioner's 120 months sentence and remanded for resentencing. On the claims raised by petitioner on direct appeal, this court did not address them: Id. at 6.

Thereafter, petitioner was resentenced to 221 months. Under these circumstances, petitioner's instant §2255 is not successive. Because this court did not address the merit of his claims on direct appeal. Clearly, petitioner has not had opportunity to have his claims adjudicated on the merits. This court's decision in **Sustache - Rivera,** consistent with the Supreme Court in **Stewart,** has held that such §2255 is not successive - (3) where the earlier petition terminated without a judgment on the merits. **Sustache - Rivera at** 13; **Pratt v. United States,** 129 F.3d 54, 60 (1st Cir. 1997).

Furthermore, under the fourth criteria, petitioner's §2255 motion is not successive - (4) where the later petition attacks a different criminal judgment, such as where a prisoner who has successfully brought a first habeas claim is retried, reconvicted, and resentenced and then attacks the new judgment. See **Pratt at** 62. Thus, petitioner's instant §2255 motion was not a second or successive. Petitioner is entitled to adjudication of the merit of his claims by the district court.

**(a) BECAUSE THE DISTRICT COURT DID NOT MAKE AN INDEPENDENT RULING OF THOSE CLAIMS, AND RELIED ON THE GOVERNMENT'S RESPONSE, THIS COURT NEED TO REMAND THIS CASE TO THE DISTRICT COURT**

Petitioner states that his §2255 motion was improperly denied. Because the district court did not independently address the claims. As explained above, the district court denied the §2255 motion based

on the government's response. See **Exhibit E** . The Second Circuit in **Rudenko v.** Costello, 286 F.3d 51, 58 (2nd Cir. 2000), rejected such conduct and held that a district court denying a §2255 should not rely on the government's response instead it must make its independent findings and rulings. Clearly, the district court's order stated that its decision is based on the government's response.

C. **CERTIFICATE SHOULD BE ISSUED BECAUSE PETITIONER'S CLAIMS ARE CONSTITUTIONAL CLAIMS AND DEBATABLE AMONG JURISTS HOWEVER, THE DISTRICT COURT DID NOT CONSIDER THE MERIT AND DENIED IT ON PROCEDURAL GROUNDS**

28 U.S.C. §2253(c)(2)(3) provides:

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

The substantial showing standard would apply where the district court rejected petitioner's claims on the merits, **Rudenko v. Costello, 286 F.3d** 51, 79 (2nd Cir. 2001), however, it would not be applicable where the district court had not disclosed whether it rejected any given claims on the merits or instead rejected the claims on procedural grounds. In **Slack** v. **McDaniels,** the Supreme Court stated:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:
>
> The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where.....the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoners underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petitioner states a claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

**Slack** v. **McDaniels**, 529 U.S. at 484 (**emphasis added**).

to at least show that jurists of reason would find it debatable whether his denial of constitutional right was wrong. Slack Id.

Finally, petitioner was wrongly denied the right to file a Notice of Appeal. As stated above, petitioner was on transit and on transfer when the district court denied his § 2255 motion. Before petitioner received his order of denial, the time to file a Notice of Appeal had elasped.

CONCLUSION

WHEREFORE, for the foregoing reasons, the court should allow petitioner to proceed in this out of time appeal, and issue a COA to enable him to appeal his claim which was denied without any independant ruling by the District Court.

SUBMITTED,

S/ Guillermo Maldonado

Guillermo Maldonado
RegNo# 04428-070
Unit 5752
P.O. Box 2000
FORT DIX, NJ 08640

DATE: 12/03/03