UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GUILLERMO MALDONADO | ) | |
| | ) | |
| v. | ) | C.A. No. 07-119L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 97-043L |
| | ) | |
| GUILLERMO MALDONADO | ) | |

MEMORANDUM AND ORDER

Ronald R. Lagueux, Senior District Judge.

Guillermo Maldonado (Maldonado) has filed this motion, pursuant to Fed.R.Civ.P. 60(b)(4)(5)(6), to reinstate a successive 28 U.S.C. § 2255 petition. The instant motion is his sixth foray onto the battlefield of post-conviction relief. He wants his sentence vacated or reduced. After winning a preliminary skirmish, he lost the war. He now attempts to resurrect the conflict, but without success.

BACKGROUND

Maldonado was indicted on May 28, 1997 for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(A)(1) & (b)(1)(A) (Count I), and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B) (Count II). This Court accepted his plea of

guilty on August 7, 1997. Two issues were argued at the sentencing hearing held on March 30, 1998. Maldonado contested both the quantity of heroin and whether the cocaine was crack cocaine. This Court, after determining the quantity of heroin and deciding that the cocaine was "crack", sentenced Maldonado to 210 months imprisonment and five years supervised release. Maldonado filed a notice of appeal.

The First Circuit dismissed Maldonado's appeal on July 15, 1998 for want of prosecution. The mandate issued on August 6, 1998. On or about March 22, 1999, Maldonado filed a pro-se motion for post-conviction relief pursuant to 28 U.S.C. § 2255. See, C.A. No. 99-153L. In this petition, he raised a single issue: ineffective assistance of counsel for his attorney's failure to prosecute his appeal. An evidentiary hearing was held on February 23, 2000. This Court granted the § 2255 petition and ordered resentencing. On March 20, 2000, this Court departed downward from the mandatory Sentencing Guidelines and sentenced Maldonado to 120 months imprisonment and a five year supervised release term. The reason for the downward departure was that Maldonado would be deported at the end of his prison sentence, and this writer saw no good reason to keep him in a federal prison beyond 5 years at taxpayer expense.

Maldonado filed a notice of appeal on March 20, 2000. This was an ill-advised move since the government cross-appealed on

April 10, 2000. Maldonado raised several issues, including whether the Court properly determined the nature and quantity of the controlled substance (crack cocaine and heroin) upon which his sentence was based, as well as a guidelines increase for obstruction of justice and a denial of an acceptance of responsibility decrease. The First Circuit rejected Maldonado's grounds for appeal without extensive discussion and remanded the case for resentencing on the downward departure issue. United States v. Madonado, 242 S.3d 1 (1st Cir. 2001). The First Circuit concluded that this Court did not have the power to depart downward for the reason given. The mandate issued on March 16, 2001. On August 8, 2001, a third sentencing hearing was held. This Court rejected Maldonado's request for a downward departure in view of the First Circuit's decision and sentenced him to 210 months imprisonment and five years supervised release, the original sentence imposed.

Maldonado again appealed, raising as an issue the Court's denial of his downward departure motion. In an unpublished per curiam opinion, issued January 10, 2002, the First Circuit rejected Maldonado's downward departure claim and affirmed the sentence. The mandate issued on January 31, 2002. The Supreme Court denied certiorari on April 22, 2002.

Maldonado filed a second § 2255 petition on or about July 22, 2002, arguing that the sentence imposed on August 8, 2001

violated the provisions of the Fifth Amendment because his sentence was based upon heroin and crack cocaine and not heroin and powder cocaine. On November 8, 2002, this Court denied and dismissed this motion for the reasons stated in the government's memorandum of law. Maldonado did not appeal.

On June 18, 2003, Maldonado filed a motion with the Lowell District Court in Massachusetts to dismiss a default warrant. That Court recalled the warrant on August 13, 2003. On August 28, 2003, Maldonado filed his third § 2255 petition, arguing that the dismissal of the default warrant should result in a new lower sentence due to a lower criminal history category. See, C.A. No. 03-393L. This petition was denied by this writer on October 20, 2003, due to lack of jurisdiction for a successive petition and as being barred by the statute of limitations. On December 12, 2003, this Court denied Maldonado's request for a certificate of appealability. Maldonado took an appeal and filed an application for a certificate of appealability. In his application, Maldonado argued that his latest § 2255 petition was not successive because his initial § 2255 petition was used to reinstate his direct appeal rights. The Court of Appeals denied the application on October 27, 2004.

On or about July 29, 2004, Maldonado filed a motion for relief from judgment pursuant to Fed.R.Civ.P.60(b)(4)&(5). Maldonado argued that his sentence was based upon crack cocaine

rather than powder cocaine and that the Blakely v. Washington, 124 S.Ct.2531(2004) decision warranted a reversal. This Court denied his motion on September 16, 2004, reasoning that the motion was a successive § 2255 petition. A request for a certificate of appealability was denied by this Court on October 21, 2004. Maldonado took an appeal requesting a certificate of appealability. On February 1, 2005, the First Circuit denied the certificate noting that this Court had correctly considered the Rule 60(b) motion as a successive § 2255 petition.

On July 18, 2005, Maldonado filed a motion pursuant to Fed.R.Civ.P.60(b))(4)(5)to vacate the Court's Order entered on November 8, 2002 denying his motion filed pursuant to 28 U.S.C. § 2255. This Court denied that motion to vacate on September 16, 2005. See, C.A. No. 02-335L.

DISCUSSION

Maldonado now files the instant motion. He relies on the case of Burton v. Stewart, 125 S.Ct.793(2007). In Burton, a state court prisoner filed a second or successive petition pursuant to 28 U.S.C. § 2254 without authorization from the appropriate Court of Appeals. The Court held that the failure to obtain that authorization deprived the District Court of jurisdiction. Burton attempted to rely upon Stewart v. Martinez-Villareal, 523 U.S. 637 (1998) and Slack v. McDaniel, 529 U.S. 473 (2000). In those two cases, the Court deemed subsequent §

2254 petitions not be "second or successive" § 2254 petitions. The Court distinguished both cases noting that those claims involved claims that were either not yet ripe for § 2254 consideration or involved dismissal based on unexhausted claims.

For the reasons that follow, the instant motion must be denied.

First, both the circumstances and holding of Burton lend no support to Maldonado's claim. The case, in fact, is supportive of the government's view. Burton failed to obtain authorization from the Court of Appeals prior to filing his successive petition. The same is true for Maldonado with respect to his successive § 2255 petition filed on July 22, 2005. The Supreme Court noted that Burton could have raised issues regarding his 1998 amended judgment in his first § 2254 petition filed in 1998, instead of waiting to raise the issues in his successive § 2254 petition filed in 2002. Burton, 127 S.Ct. at 798. Maldonado likewise could have raised all of his issues in his first petition, but fatally delayed doing so until his successive petitions.

Second, as the government has noted in previous filings, the First Circuit has already ruled that the first § 2255 petition filed by Maldonado to reinstate his direct appeal does count as his first petition and that subsequent petitions therefore were successive. Maldonado failed to seek any review in the United

States Supreme Court of that First Circuit judgment. Now that ruling stands as the law of the case.

Third, Maldonado's instant motion comes too late. For grounds listed under Rule 60(b)(4),(5) or (6), the motion must be made within a reasonable time. This Court issued its ruling on the second § 2255 petition (C.A. No. 02-335L) on November 8, 2002. Maldonado did not appeal this Court's ruling to the First Circuit. It is now nearly four and one-half years later. Such a time lapse is not reasonable. Further, Maldonado cannot argue that he could not have filed the instant motion without the benefit of the Burton decision. As previously noted, the Burton holding is limited to § 2254 cases and does not support his claim.

CONCLUSION

For all of the reasons set forth above, this motion hereby is denied. The Clerk shall enter judgment for the United States of America forthwith.

It is so Ordered.

Ronald R. Lagueux
Ronald R. Lagueux
Senior United States District Judge
May 31, 2007