Guillermo Maldonado
Reg. No. 04428-070
Federal Correctional Institution
P.O.Box 2000
Fort Dix, New Jersey 08640-0902
Petitioner-Pro se

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GUILLERMO MALDONADO, Petitioner/Pro-se, | HON. RONALD R. LAGUEUX |
| vs. | DOCKET NO. CR-97-043L |
| UNITED STATES OF AMERICA, Respondent. | |

# PETITIONER REQUESTS FOR RECONSIDERATION OF §2255 MOTION-NEW FACTS NOT RAISED PREVIOUSLY

## FACTUAL BACKGOUND

On May 28, 1997, a Rhode Island Federal Grand Jury returned a two-count indictment against Defendant. Count One charged possession of cocaine with intent to distribute it. Count Two charged possession of heroin with the intent to distribute it. On August 7, 1997, Defendant pled guilty to both counts but Defendant disputed that the cocaine at issue was crack cocaine. At the original sentencing proceeding the Defendant claimed that the Probation Department erred in: 1) calculating his criminal score; 2) determining that the cocaine at issue was crack cocaine; 3) attributing the heroin in the car to him; 4) denying to him an acceptance of responsibility reduction; and 5) concluding that he deserved an obstruction of justice enhancement. After an evidentiary hearing, this Court rejected all of these claims. As a result, Defendant was sentenced to 210 months in prison.

Thereafter, Defendant filed a timely Notice of Appeal. His attorney then failed to prosecute that appeal. As a result, on March 29, 1999, Defendant file a 2255 Petition alleging that said attorney had acted negligently in allowing his appeal to be dismissed. This Court granted the petition and the matter was set down for resentencing hearing.

After the successful original 2255 Petition, Defendant and new counsel for the rehearing sat down and prepared. Defendant told new counsel to raise all of the five issue that were originally raised. New counsel agreed to do so. However, at the sentencing hearing, said counsel did willfully or carelessly fail to introduce the five origin-

al arguments. In addition, he arbitrarily chose, of his own volition, to make a motion for downward departure based upon "substantial evidence of rehabilitation of Defendant." This motion was, with all due respect, a Mockery. Nothing in Defendant's record could be seen to substantiate such a request.

In effect, counsel failed to raise the arguments that Defendant had instructed, and, complicating matters, he made an ill-advised, frivolous motion.

After the resentencing hearing, the Court reduced Defendant's sentence by ninety (90) months. Defendant was obviously please by this result bu he did ask the counsel why he failed to raise the arguments as discussed. He also asked about the downward departure motion which had never been discussed with him. In response, counsel said that he forgot to raise the arguments but he could still do so if Defendant desired. Defendant felt that he had nothing to lose and asked counsel to raise the arguments. No mention whatsoever was made of any appeal at this time.

Thereafter, without consulting further with Defendant, counsel unilaterally filed a Notice of Appeal to the Court of Appeals. When counsel finally told Defendant that he had processed the appeal in order to raise the omitted arguments, Defendant had no idea what the implication were. When a fellow inmate told Defendant that such appeal could jeopardize the 90 months reduction that he received, Defendant immediately told counsel to withdraw the appeal. Counsel told Defendant that once the appeal was filed, it could not be withdrawn. This was a blatant misstatement.

In his unilaterally processed appeal, counsel did finally raise the requested arguments. He also contested the denial of his frivolous motion as to substantial evidence of rehabilitation. However, in raising the arguments by way of appeal, counsel foolishly opened the door wide for the Government to cross-appeal his sentence reduction. Obviously this Court had used the same rationale for sentence reduction on other occasions and those were not appealed. In its decision which reduced the sentence of Defendant, the Court stated as follows:

"Recently I have been departing downward when the sentence of a deportable felon is in the higher ranges because of the concern I have for the taxpayers paying for someone in federal prison when that person will be deported." Indeed other defendants received the benefit of the reduction.

On appeal, the arguments that Defendant has instructed counsel to raise at the resentencing hearing, were rejected by the Court of Appeals. Indeed the argument of substantial evidence of rehabilitation was rejected as well. But devastatingly, due to the window opened by counsel, the court of appeal reversed the downward sentence and remanded to the lower court for resentencing consistent with its findings. This had the basic effect of reinstating the original 210 months sentence.

The counsel at the resentencing hearing acted in complete dereliction of Defendant's interests. First of all, he did not follow his client's instructions to raise the arguments raised at the original sentencing at the resentencing hearing. Second, at resentencing he made a sophomoric motion which had absolutely no chance of pre-

vailing. Finally, worst of all, he opened the door for the Government to cross-appeal which paved a smooth road for Defendant's loss of 90 month sentence reduction.

This Court has written in essence in its last opinion that the Defendant here looked a gift horse in the mouth by appealing the re-sentencing findings. The Court also mentions the many subsequent motions and applications made by Defendant. As a result, this Court has a negative impression of Defendant. In truth, Defendant never asked to be in this position. Defendant was upset that arguments were not raised at resentencing, but he would never have done anything that might have compromised his 90 month reduction.

All of the Court Motions and Applications in this matter were necessitated by the blatant failure of counsel to represent his client at the resentencing hearing. No competent attorney would have ever filed an appeal in this matter even if requested to do so by his client absent a waiver of responsibility signed by the client. Competent counsel would have recognized the substantial jeopardy in processing such an appeal. The loss of 90 months of liberty due to an attorney's blatant neglect is an extraordinary penalty. Complicating matters, the neglect of counsel forced Defendant to make applications that could well be said to have alienated this Court.

That Defendant eagerly wanted wanted the crack versus cocaine argument raised can be readily understood when one looks at the proposed legislation that is ready to pass Congress. Due to the difficulty in discerning between the two Congress has suggested doing away with the distinction between powder cocaine and crack cocaine.

In pending bill H.R. 460 entitled "Crack-Cocaine Equitable Sentencing Act of 2007", the House of Representatives passed an initiative which recognizes that it is inequitable to have such high mandatory minimums relating to crack cocaine offenses. Of course the Defendant wanted to fight hard at the resentencing in order to establish the lesser offense of powder cocaine. Defendant was certain that the cocaine was not crack and he hoped that the Court would reconsider his argument. Sadly, counsel bungled this aspect at the resentencing hearing and this led to the unauthorized, ill-fated appeal.

In view of the fact that this petition is based upon egregious attorney errors which occurred at the rehearing, this petition should not be deemed a successive §2255. The negligence of this counsel had not happened at the time the original §2255 was granted.

There can be no doubt that the actions of counsel far exceeded ordinary negligence. The attorney's actions were a farce and deeply injured Defendant. Based upon the facts herein, together with applicable legal precedent, Defendant respectfully requests that his sentence be vacated due to blatant extraordinary failure of counsel, failures which had the unfortunate effect of depriving Defendant of his freedom for 90 long months.

## LEGAL ARGUMENT

Point: Defendant Counsel's Unilateral Prosecution of Appeal and Failure to Advise Defendant that the Court of Appeals Could Remand for Resentencing at which time Defendant's Reduction in Sentence Could be Set Aside Constituted Ineffective Assistance of Counsel

At the outset, Defendant would like to make this Court aware of the fact that this is a pro-se application. Accordingly, Defendant respectfully asks that the papers herein be held less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404-U.S. 519, 520 (1972).

In the case at bar, the Defendant's counsel at resentencing hearing failed to properly introduce evidence at said hearing and then without Defendant's permission, unilaterally prosecuted an appeal without discussing the risks with Defendant. Specially, said counsel never told Defendant that prosecuting such appeal could lead to the overturning of his sentence reduction. In the case at Baker v. Kaiser, 929 F.2d 1495 (10th Cir. 1995) the Court dealt with a similar circumstance and stated:"Defendant counsel's failure to aske Defendant whether he wanted to appeal and failure to discuss the merits of the appeal constituted ineffective assistance."

Here the acts or failure to act of Defendant's counsel clearly exposed Defendant to additional punishment. As a result of said counsel's prosecution of the subject appeal, the door was opened

wide for the Court of Appeal to remand, in essence, to set aside Defendant's 90 month sentence reduction. The actions and omission of Defendant's counsel clearly prejudice Defendant.

In United States v. Riley, 332 F.Supp. 831 (D.C.RI 1971) this Court held that trial counsel's cumulative errors and omissions constituted ineffective assistance of counsel. In the case at bar, counsel: 1) failed to raise arguments as instructed; 2) made a ridiculous motion not discussed; 3) filed an appeal without permission; and 4) failed to advise Defendant that such appeal could result in a loss of his 90 month sentence reduction. All of these errors, in correct, severely injured the Defendant. He is now deprived of his liberty for an extra 90 months. Clearly, this was blatant ineffective assistance of counsel.

The Supreme Court of the United States in Alvord v. Wainwright, 469 U.S. 956, 83 L.Ed.2d 291, 105 S.Ct. 355 (1984) stated: "counsel's failure to investigate Defendant's only plausible line of defense...where it was clear of client's lack of knowledge of or his ability to understand the law and facts constituted ineffective assistance."

In the instant matter, Defendant is a man who speaks limited English. He is not at all sophisticated and could never have understood the totality of the jeopardy caused by the appeal to the Court of Appeal. The Defendant's counsel had a duty, in black and white, to disclose to Defendant the potential harm such appeal could cause. Not once did counsel so advise Defendant.

In Osborn v. Shillinger, 861 F.2d 612 (10th Cir. 1988) the Court stated: "Defense Counsel's performance was not only ineffective, but counsel abandoned the required duty of loyalty to his client. Counsel did not simply make poor strategic or tactical choice, he acted with reckless disregard to his client's best interest." The decision here to appeal by counsel was a reckless abandonment of his duty. The poor decision has severely injured Defendant and there can be no doubt that Defendant received ineffective assistance of counsel.

## CONCLUSION

Due to the blatant ineffective assistance of counsel,Defendant is entitled to have his sentence set aside and he is entitled to a new sentencing hearing at a time and place deemed appropriate by this Court.

Dated: July 25, 2007

Respectfully submitted,

Guillermo Maldonado

Guillermo Maldonado, Pro-se

## CERTIFICATE OF SERVICE

I certify that on 7,26,2007, I mailed a copy of all of the attachments via first class mail to the following parties at the address listed below:

DONALD C. LOCKHART, ESQ.
ASSISTANT US ATTORNEY
FLEET CENTER, EIGHT FLOOR
50 KENNEDY PLAZA
PROVIDENCE, RI 02903

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filled with this Court:

I certify that this document was given to prison official on 7,26,2007 for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C.A. §1746.

Guillermo Maldonado
(Signature)

7,26,2007
(Date)