IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | C.A. No. 07-119L |
| | ) | |
| GUILLERMO MALDONADO | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S REQUEST FOR RECONSIDERATION OF § 2255 MOTION - NEW FACTS NOT RAISED PREVIOUSLY**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, and objects to Petitioner's Request For Reconsideration Of § 2255 Motion - New Facts Not Raised Previously for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August 2007, I served a copy of the within Government's Objection To Petitioner's Request For Reconsideration Of § 2255 Motion - New Facts Not Raised Previously by postage prepaid mail to:

Guillermo Maldonado
Pro Se
Reg. # 04428-070
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

/s/Kenneth P. Madden

Kenneth P. Madden
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | C.A. No. 07-119L |
| | ) | |
| GUILLERMO MALDONADO | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S REQUEST FOR RECONSIDERATION OF § 2255 MOTION - NEW FACTS NOT RAISED PREVIOUSLY**

## I. INTRODUCTION

The Petitioner, Guillermo Maldonado (Maldonado or Petitioner), files this motion, pursuant to 28 U.S.C. § 2255, to reconsider a § 2255 motion on the basis of new facts not previously raised. The instant motion is the seventh in a series of post-conviction attacks upon his sentence.

## II. TRAVEL

Maldonado was indicted on May 28, 1997 for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (Count I), and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(B) (Count II).

He entered a plea of guilty on August 7, 1997. Two issues were argued at the sentencing hearing held on March 30, 1998. Maldonado contested both the quantity of heroin and whether the cocaine was crack cocaine. The Court sentenced Maldonado to 210 months imprisonment and five years supervised release. Maldonado filed a notice of appeal.

The First Circuit dismissed Maldonado's appeal on July 15, 1998 for want of prosecution. See, No. 98-1416. The mandate issued on August 6, 1998. On or about March 22, 1999, Maldonado filed a pro-se motion for post-conviction relief pursuant to 28 U.S.C. § 2255. See, C.A. No. 99-153L. In this petition, he raised a single issue: ineffective assistance of counsel for his attorney's failure to prosecute his appeal. An evidentiary hearing was held on February 23, 2000. The Court granted the § 2255 petition. On March 20, 2000, the Court departed downward from the Sentencing Guidelines and re-sentenced Maldonado to 120 months imprisonment and five years supervised release.

Maldonado filed a notice of appeal on March 20, 2000. See, No. 00-1429. The government cross-appealed on April 10, 2000. See, No. 00-1513. The government raised the downward departure issue. Maldonado raised several issues, including whether the Court properly determined the nature and quantity of the controlled substances (crack cocaine and heroin) upon which his sentence was based, as well as a guidelines increase for obstruction of justice and a denial of an acceptance of responsibility decrease. The First Circuit rejected Maldonado's grounds for appeal without extensive discussion and remanded the case for re-sentencing on the

downward departure issue. United States v. Maldonado, 242 F.3d 1 (1st Cir. 2001). The mandate issued on March 16, 2001. On August 8, 2001, a third sentencing hearing was held. The Court rejected Maldonado's request for a downward departure and re-sentenced him to 210 months imprisonment and five years supervised release.

Maldonado again appealed, raising as an issue the Court's denial of his downward departure motion. See, No. 01-2162. In an unpublished *per curiam* opinion, issued January 10, 2002, the First Circuit rejected Maldonado's downward departure claim and affirmed the sentence. The mandate issued on January 31, 2002. The Supreme Court denied a writ of certiorari on April 22, 2002.

Maldonado filed a second § 2255 petition on or about July 22, 2002, arguing the sentence imposed on August 8, 2001 violated the protections of the Fifth Amendment because his sentence was based upon heroin and cocaine base (crack) and not heroin and powder cocaine. See, C.A. No. 02-335L. On November 8, 2002, this motion was denied and dismissed for those reasons stated in the government's memorandum of law, parts III A and B. Maldonado did not appeal.

On June 18, 2003, Maldonado filed a motion with the Lowell District Court in Massachusetts to dismiss a default warrant. That court recalled the warrant on August 13, 2003. On August 28, 2003, Maldonado filed his third § 2255 petition, arguing that the dismissal of the default warrant should result in a new sentencing due to a lower criminal history category. See, C.A. No. 03-393L. This petition was denied on October 20, 2003 due to lack of jurisdiction for a successive petition and as being barred by the statute of limitations. On December 12, 2003, this Court denied Maldonado's request

for a certificate of appealability. Maldonado appealed and filed an application for a certificate of appealability. See, No. 03-2546. In his application, Maldonado argued that his latest § 2255 petition was not successive because his initial § 2255 petition was used to re-instate his direct appeal right. The Court of Appeals denied the application on October 27, 2004.

On or about July 29, 2004, Maldonado filed a motion for relief from judgment pursuant to F. R. Civ. P. 60(b)(4) & (5). Maldonado argued that his sentence was based upon crack cocaine rather than powder cocaine and that the Blakely v. Washington, 124 S.Ct. 2531 (2004), decision warranted a reversal. This Court denied his motion on September 16, 2004 reasoning that the motion was a successive § 2255 petition. A request for a certificate of appealability was denied by this Court on October 21, 2004. Maldonado took an appeal requesting a certificate of appealability. See, No. 04-2346. On February 1, 2005, the First Circuit denied the certificate noting that the District Court correctly considered the 60(b) motion as a successive § 2255 petition.

On July 18, 2005, Maldonado filed a motion pursuant to Fed. R. Civ. P. 60(b)(4)(5), to vacate the Court's Order entered on November 8, 2002 denying his motion filed pursuant to 28 U.S.C. § 2255. The Court denied the motion to vacate on September 16, 2005. See, C.A. No. 02-335L.

On February 27, 2007, Maldonado filed a motion pursuant to Fed. R. Civ. P. 60(b)(4)(5)(6) seeking to reinstate a successive 28 U.S.C. § 2255 petition. That motion was denied by the Court on May 31, 2007. See, C.A. No. 07-119L.

## III. ARGUMENT

Maldonado now files the instant motion. In what can best be described as the supreme irony, Maldonado, who filed his first § 2255 petition complaining that his counsel was ineffective for failing to prosecute his appeal to the First Circuit, now argues that successor counsel was ineffective in actually pursuing his second appeal to the First Circuit. Essentially, his claim boils down to the proposition that had successor counsel not pursued the second appeal, the government would not have cross-appealed, and his 120-month sentence would have remained intact. Instead, as Maldonado now complains, not only did his successor counsel fail to make certain arguments in the District Court and err in what arguments could be made on appeal, but the government prevailed on appeal, and his original sentence of 210 months was re-imposed.

For those reasons which follow, dismissal of the instant motion is warranted.

First, Maldonado fails to identify which § 2255 petition, or its equivalent, he wishes the Court to reconsider. As noted above, Maldonado has filed at least four such petitions - March 22, 1999, July 22, 2002, August 28, 2003, and July 29, 2004. Though many of the issues raised are common, they are not identical. The government presumes that Maldonado seeks to have the Court reconsider his second § 2255 petition filed on or about July 22, 2002 and decided November 8, 2002. But that is for Maldonado to say, and he gives no guidance to the Court as to which petition he wishes the Court to re-visit.

Second, Maldonado provides no statutory or case law which would allow the Court to reconsider a previous § 2255 ruling, particularly where the judgment was entered nearly five years ago on his second petition and nearly three years ago on his latest petition. Further, in view of the travel of Maldonado's case, the Court's previous ruling that the second petition of July 22, 2002 was a second or successive petition has become the law of the case and has been validated by the subsequent pronouncements of the First Circuit. To entertain a motion for reconsideration as Maldonado now requests would fly in the face of Circuit rulings.

Third, as this Court and the First Circuit have found, this Court lacked jurisdiction to consider the second or successive § 2255 petitions due to the fact that Maldonado failed to obtain permission from the Court of Appeals to file those petitions. As this Court lacked jurisdiction to entertain the second or successive petitions, there is nothing for this Court to reconsider.

Finally, Maldonado provides no explanation as to why these claims were not previously brought to the attention of the Court.[1] Maldonado was certainly aware of these claims no later than March 16, 2001, the date the First Circuit Court of Appeals issued the mandate on his second appeal (See, Nos. 00-1429 and 00-1513). By waiting

---

[1] While the government does not suggest at this juncture that the District Court assess the credibility of Maldonado's current claims, the significant lapse of time between when Maldonado knew of the current allegations and when he raises them undercuts the credibility of these claims to their core.

over six years to now raise these claims, even assuming that this Court had jurisdiction to entertain them, he has waived them.[2]

## IV. CONCLUSION

For all of the reasons set forth above, this petition should be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

[2] Assuming for the sake of argument that Maldonado's July 22, 2002 petition was his first petition or was a second or successive petition whose filing was allowed by the Court of Appeals and that the Court could reconsider its ruling at this late date, Maldonado does not show cause as to why he did not raise these claims in the July 22, 2002 petition. This failure is fatal, and would have been fatal even under a pre-AEDPA test. See, United States v. Barrett, 178 F.3d 34, 47-48 (1st Cir. 1999).

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August 2007, I served a copy of the within Government's Memorandum In Support Of Its Objection To Petitioner's Request For Reconsideration Of § 2255 Motion - New Facts Not Raised Previously by postage prepaid mail to:

Guillermo Maldonado
Pro Se
Reg. # 04428-070
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

/s/Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov