IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GUILLERMO MALDONADO | ) | |
| | ) | |
| vs. | ) | C.A. No. 07-119L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant U. S. Attorney, and objects to petitioner's Application For Certificate Of Appealability for those reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar No. 1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)

CERTIFICATION

I hereby certify that on the 12th day of September, 2007, I mailed a true copy of the Within Government's Objection To Petitioner's Application For Certificate Of Appealability, ordinary mail and postage prepaid, to:

Guillermo Maldonado
Reg. No. 04428-070
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640-0902

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar No. 1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GUILLERMO MALDONADO | ) | |
| | ) | |
| vs. | ) | C.A. No. 07-119L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY**

Travel

Maldonado was indicted on May 28, 1997 for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (Count I), and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(B) (Count II). He entered a plea of guilty on August 7, 1997. Two issues were argued at the sentencing hearing held on March 30, 1998. Maldonado contested both the quantity of heroin and whether the cocaine was crack cocaine. The Court sentenced Maldonado to 210 months imprisonment and five years supervised release. Maldonado filed a notice of appeal.

The First Circuit dismissed Maldonado's appeal on July 15, 1998 for want of prosecution. See, No. 98-1416. The mandate issued on August 6, 1998. On or about March 22, 1999, Maldonado filed a pro-se motion for post-conviction relief pursuant to 28 U.S.C. § 2255. See, C.A. No. 99-153L. In this petition, he raised a single issue: ineffective assistance of counsel for his attorney's failure to prosecute his appeal. An

evidentiary hearing was held on February 23, 2000. The Court granted the § 2255 petition. On March 20, 2000, the Court departed downward from the Sentencing Guidelines and re-sentenced Maldonado to 120 months imprisonment and five years supervised release.

Maldonado filed a notice of appeal on March 20, 2000. See, No. 00-1429. The government cross-appealed on April 10, 2000. See, No. 00-1513. The government raised the downward departure issue. Maldonado raised several issues, including whether the Court properly determined the nature and quantity of the controlled substances (crack cocaine and heroin) upon which his sentence was based, as well as a guidelines increase for obstruction of justice and a denial of an acceptance of responsibility decrease. The First Circuit rejected Maldonado's grounds for appeal without extensive discussion and remanded the case for re-sentencing on the downward departure issue. United States v. Maldonado, 242 F.3d 1 (1st Cir. 2001). The mandate issued on March 16, 2001. On August 8, 2001, a third sentencing hearing was held. The Court rejected Maldonado's request for a downward departure and re-sentenced him to 210 months imprisonment and five years supervised release.

Maldonado again appealed, raising as an issue the Court's denial of his downward departure motion. See, No. 01-2162. In an unpublished *per curiam* opinion, issued January 10, 2002, the First Circuit rejected Maldonado's downward departure claim and affirmed the sentence. The mandate issued on January 31, 2002. The Supreme Court denied a writ of certiorari on April 22, 2002.

Maldonado filed a second § 2255 petition on or about July 22, 2002, arguing the sentence imposed on August 8, 2001 violated the protections of the Fifth Amendment because his sentence was based upon heroin and cocaine base (crack) and not heroin and powder cocaine. See, C.A. No. 02-335L. On November 8, 2002, this motion was denied and dismissed for those reasons stated in the government's memorandum of law, parts III A and B. Maldonado did not appeal.

On June 18, 2003, Maldonado filed a motion with the Lowell District Court in Massachusetts to dismiss a default warrant. That court recalled the warrant on August 13, 2003. On August 28, 2003, Maldonado filed his third § 2255 petition, arguing that the dismissal of the default warrant should result in a new sentencing due to a lower criminal history category. See, C.A. No. 03-393L. This petition was denied on October 20, 2003 due to lack of jurisdiction for a successive petition and as being barred by the statute of limitations. On December 12, 2003, this Court denied Maldonado's request for a certificate of appealability. Maldonado appealed and filed an application for a certificate of appealability. See, No. 03-2546. In his application, Maldonado argued that his latest § 2255 petition was not successive because his initial § 2255 petition was used to re-instate his direct appeal right. The Court of Appeals denied the application on October 27, 2004.

On or about July 29, 2004, Maldonado filed a motion for relief from judgment pursuant to F. R. Civ. P. 60(b)(4) & (5). Maldonado argued that his sentence was based upon crack cocaine rather than powder cocaine and that the Blakely v. Washington, 124

S.Ct. 2531 (2004), decision warranted a reversal. This Court denied his motion on September 16, 2004 reasoning that the motion was a successive § 2255 petition. A request for a certificate of appealability was denied by this Court on October 21, 2004. Maldonado took an appeal requesting a certificate of appealability. See, No. 04-2346. On February 1, 2005, the First Circuit denied the certificate noting that the District Court correctly considered the 60(b) motion as a successive § 2255 petition.

On July 18, 2005, Maldonado filed a motion pursuant to Fed. R. Civ. P. 60(b)(4)(5), to vacate the Court's Order entered on November 8, 2002 denying his motion filed pursuant to 28 U.S.C. § 2255. The Court denied the motion to vacate on September 16, 2005. See, C.A. No. 02-335L.

On February 27, 2007, Maldonado filed a motion pursuant to Fed. R. Civ. P. 60(b)(4)(5)(6) seeking to reinstate a successive 28 U.S.C. § 2255 petition. That motion was denied by the Court on May 31, 2007. See, C.A. No. 07-119L.

On or about July 30, 2007, Maldonado filed a motion pursuant to 28 U.S.C. § 2255 to reconsider a § 2255 motion on the basis of new facts not previously raised. On August 15, 2007, this Court denied the motion. See, C.A. No. 07-119L.

Maldonado now petitions This Court to issue a certificate of appealability from this Court's May 31, 2007 Order denying his Rule 60(b) motion.

Argument

An appeal from a final order in a section 2255 proceeding cannot be taken unless a "circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). The

certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Berthoff v. United States, 308 F.3d 124, 127 (1st Cir. 2002). This showing requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). This reasoning should be applied to Maldonado's case.

Here, Maldonado used Rule 60(b) to petition the Court for specific relief. He sought to reinstate his second § 2255 petition which was filed on or about July 22, 2002 and denied by the Court on November 8, 2002. Maldonado did not take an appeal from the Court's November 8 Order. Later, the First Circuit Court of Appeals affirmed that the § 2255 petition used by Maldonado to reinstate his right of appeal counted as his first § 2255 petition.

A second or successive § 2255 petition cannot be filed without certification from the appropriate Court of Appeals. Maldonado failed to obtain such certification when he filed his successive § 2255 petitions in the District Court. This Court, therefore, lacked jurisdiction to grant Maldonado the relief he sought. Therefore, no certificate of appealability should issue where the Court lacked jurisdiction to entertain the § 2255 petition in the first place. Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003). See also, 28 U.S.C. §§ 2244 and 2255.

Further, Maldonado's petition for the issuance of a certificate of appealability is clearly inadequate. Maldonado has not carried his burden. He cannot demonstrate that reasonable jurists would find This Court's assessment of his claims debatable or wrong. Maldonado sets forth three issues, without discussion or citation of legal authority, which he seeks to raise on

appeal: 1) his counsel was ineffective for failing to raise the crack cocaine issue at re-sentencing;[1] 2) his counsel was ineffective for failing to inform Maldonado of the consequences of appealing; and 3) his counsel was ineffective for refusing to withdraw the appeal. With respect to the second and third issues, Maldonado never addresses why he waited over six years to bring claims he clearly knew existed in March 2001. As a starting point, the answer to such a question is relevant to the time frame requirement within which claims must be raised - the "reasonable time" period of Rule 60(b) or the one-year limitations period of § 2255. With respect to the first claim, Maldonado does not address how his counsel could be ineffective for failing to raise a claim which This Court had already determined in the first sentencing hearing in March 1998.[2]

The Application for a certificate of appealability should be denied.

Respectfully submitted,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)

---

[1] The government assumes Maldonado is referencing his second sentencing which occurred in March 2000.

[2] At a sentencing hearing on March 30, 1998, This Court heard testimony from three Providence Police officers, at least one of whom testified that the cocaine base in question was crack cocaine. This Court accepted that testimony and imposed a sentence based upon crack cocaine and heroin.

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September 2007, I served a copy of the within Government's Memorandum In Support of It's Objection To Petitioner's Application For Certificate Of Appealability, by ordinary mail and postage prepaid, to:

Guillermo Maldonado
Reg. No. 04428-070
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640-0902

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar No. 1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)